**NOT FOR PUBLICATION**

DEC 01 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30387 |
| Plaintiff-Appellee, | D.C. No.<br>1:14-cr-00066-SPW-1 |
| v. | |
| JEVON HASAN MCDUFFIE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted November 10, 2016
Portland, Oregon

Before:  McKEOWN and W. FLETCHER, Circuit Judges, and DORSEY,**
District Judge.

Jevon Hasan McDuffie appeals the district court's denial of his motion to

suppress the drug evidence seized from the rental car that he was driving when he

was pulled over on a Montana Highway by Highway Patrol Trooper Quinnell.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Jennifer A. Dorsey, United States District Judge for
the District of Nevada, sitting by designation.

McDuffie challenges the initial basis for the stop and the duration of the stop. We have jurisdiction under 28 U.S.C. § 1291. Because the highway trooper unjustifiably prolonged the stop to call a drug task-force agent, we reverse.

"We review reasonable suspicion determinations de novo, reviewing findings of historical fact for clear error and giving due weight to inferences drawn from those facts by resident judges and local law enforcement officers."[1] If testimony was taken, "we give special deference to the district court's credibility determinations."[2]

## 1. The initial stop was supported by reasonable suspicion.

The district judge found credible Trooper Quinnell's evidentiary-hearing testimony that he saw McDuffie change lanes without signaling, cross the centerline, and swerve within his own lane. Giving "special deference"[3] to the district judge's credibility determinations and reviewing de novo her conclusion that the trooper had reasonable suspicion for the initial stop, we find that the initial stop was supported by reasonable suspicion.

---

[1] *United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (internal citations and quotations omitted).

[2] *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008).

[3] *Id.*

**2.      The trooper lacked reasonable suspicion of drug trafficking and impermissibly prolonged the stop to call the drug task-force agent.**

The district judge did not have the benefit of the United States Supreme Court's decision last term in *Rodriguez v. United States* when she denied McDuffie's suppression motion. *Rodriguez* changed the standard for determining when the duration of a stop becomes unreasonable. It made clear that a traffic stop "become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing" the ticket for the violation.[4] And the Court in *Rodriguez* explicitly rejected the government's argument that an officer can prolong a traffic stop to perform a non-traffic-related task "so long as the officer is reasonably diligent in pursuing the traffic-related purpose of the stop, and the overall duration of the stop remains reasonable in relation to the duration of other traffic stops involving similar circumstances."[5]

The government conceded at oral argument that, if there was no reasonable suspicion of drug trafficking, the stop was unjustifiably extended and reversal is required. But the government maintains that the highway trooper had reasonable

---

[4] *Rodriguez v. United States*, 135 S. Ct. 1609, 1614–15 (2015) (alteration in original). Supreme Court decisions construing the Fourth Amendment apply "retroactively to all convictions that were not yet final at the time the decision was rendered." *United States v. Johnson*, 457 U.S. 537, 562 (1982).

[5] *Rodriguez*, 135 S. Ct. at 1616.

suspicion of drug trafficking because McDuffie was driving a rental car that was rented to a third party who was not in the car and had driven from Las Vegas, Nevada, to Glendive, Montana, without stopping at a hotel and sleeping only in his car. Because these facts would be "very likely to sweep many ordinary citizens into a generality of suspicious appearance,"[6] they are insufficient to support a reasonable suspicion of drug trafficking. Thus, the trooper's prolongation of the traffic stop to call the resident agent in charge of the Eastern Montana Drug Task Force violated the Fourth Amendment.

Because the trooper unjustifiably prolonged an ordinary traffic stop to initiate a drug investigation and lacked independent reasonable suspicion to do so, the district court's order denying McDuffie's suppression motion is reversed. This case is remanded to the district court for further proceedings consistent with this order.

**REVERSED.**

---

[6] *United States v. Rodriguez*, 976 F.2d 592, 595–96 (9th Cir. 1992).